UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN L. ADELMAN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 11-cv-10988-JLT |
| JEFFERY MULLEN, et al., | * | |
| Defendant. | * | |

ORDER

October 6, 2011

TAURO, J.

After reviewing Parties' written submissions, this court hereby orders that Defendant Mullen's Motion to Dismiss [#12], Defendant Davis's Motion to Dismiss [#19], and Defendant Davey's Motion to Dismiss [#23] are ALLOWED. Plaintiff's Motion to Dismiss Without Prejudice [#26] is DENIED. Because Plaintiff has failed to state a claim upon which relief can be granted, Plaintiff's Complaint is dismissed in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

In considering a motion to dismiss, this court must accept all of Plaintiff's factual allegations as true, but bare assertions and conclusions of law are not entitled to similar weight.[1] Dismissal pursuant to Rule12(b)(6) is appropriate if, accepting Plaintiff's allegations as true, the complaint still fails to state a claim upon which relief can be granted. To survive a motion to

---

[1] Special Situations Fund III, L.P. v. Am. Dental Partners, Inc., 775 F. Supp. 2d 227, 237 (D. Mass, 2011).

dismiss, a complaint must allege "a plausible entitlement to relief."[2] There must be sufficient facts in the complaint to state a claim upon which relief can be granted as to each defendant named in the complaint.[3]

As to Defendant Mullen, Plaintiff fails to state a claim upon which relief can be granted because there is no relevant legal connection between the Massachusetts Department of Transportation ("MassDOT"), of which Defendant Mullen is Secretary, and the Massachusetts Bay Transportation Authority ("MBTA"), against which Plaintiff seeks relief.[4]

Plaintiff has likewise failed to state a claim upon which relief can be granted against Defendant Davis. Not only does the Greater Lynn Senior Services, Inc. ("GLSS") have no legal connection with the MBTA, process was improperly served on Defendant Davis and Defendant Davis was not the acting clerk at the time the relevant events occurred.[5]

A claim against Defendant Davey, the General Manager of the MBTA, fails because the relief the Plaintiff seeks from the MBTA is not required by law. Pursuant to the Department of Transportation regulations, an approved paratransit program need only provide disabled individuals with the same services as non-disabled individuals.[6] Special services, such as

---

[2] Rodrigues-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007).

[3] Ocasio-Hernandez v. Fortuno-Burset, ___ F.3d ___, 2011 WL 1228768, *13 (1st Cir. April 1, 2011).

[4] See Def. Mullen's Mem. Supp. Mot. Dismiss Pls.' Compl., 2 [#13].

[5] See Def. Davis's Mem. Supp. Mot. Dismiss Pls.' Compl., 2 [#20].

[6] See Department of Transportation, 56 Fed. Reg. 45581-01 at 45601 (Sept. 6, 1991). See also Transportation for Individuals with Disabilities, 49 C.F.R. §§ 27, 37, 38.

individualized sedan-only paratransit, are not required to fulfill ADA requirements.[7] Plaintiff's request for individualized sedan-only transportation, therefore, does not state a claim for relief that can be granted by this court.

For the reasons stated above, Plaintiff's Complaint should be dismissed with prejudice. Plaintiffs Motion to Dismiss Without Prejudice is thus DENIED.

IT IS SO ORDERED.

/s/ Joseph L. Tauro
United States District Judge

---

[7] See e.g., Boose v. Tri-County Metro. Transp. Dist. of Or., 587 F.3d 997 (9th Cir. 2009) (denying injunction requiring sedan-only paratransit because neither ADA nor FTA implementing regulations required modification of approved paratransit plans to accommodate individual conditions).